## Farino, Appellant, *v.* Barnes Coal Company.

Argued April 21, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*C. Randolph Myers,* for appellant.

*Paul Cauffiel,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1937:

The only question involved in this workmen's compensation case is whether the disability from which the claimant suffered was the result of an accident within the meaning of the Workmen's Compensation Act. There is no dispute as to the facts, which may be briefly summarized as follows:

On July 15, 1935, the claimant, a coal miner, dislocated his left shoulder while pushing a car in defendant's mine. He immediately reported his injury to his foreman and was sent to the company doctor, who reduced the dislocation by manipulation. The next day there was no work at the mine, but the following day the claimant reported and represented himself as ready and able to do his regular work. The referee found as a fact that the claimant "was as well able to perform his usual work (on July 17, 1935) as he was prior to the said accident." The mine superintendent refused to permit him to go into the mine, as he had knowledge that the claimant had had at least four and probably five former shoulder dislocations, each of which was reduced by simple manipulation, and he was off duty in each instance from two to four days. At the suggestion of the mine superintendent, the company doctor aided the claimant in making arrangements to have an operation performed upon him by Dr. McCoy, who was in no wise connected with the defendant company, in order to correct a physical condition which extended over a period of years, and which, in the judgment of the employer, rendered the claimant an unsafe miner, both to himself and his fellow-workmen. The operation resulted in the claimant's having

a limitation of motion of his left arm and some tenderness at the site of location.

The board found as a fact that the claimant's present disability was not the result of an accident but of the operation. This finding, supported by abundant competent evidence, is binding upon us.

Judgment is affirmed.